UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF ILLINOIS  
ROCK ISLAND DIVISION

| | |
|---|---|
| JIM L. RICHARDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-04119-SLD |
| | ) |
| KIM BUTLER, Warden of Menard Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner Jim Richardson's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No 1; as well as his motion to stay these proceedings, ECF No. 2. There is also a Response to the petition, ECF No. 5, which, while not styled a motion to dismiss, requests that the Court dismiss Richardson's petition; a motion from Richardson opposing that response, ECF No. 6; a motion containing further argument from Richardson, ECF No. 9, and Richardson's motion for status, ECF No. 10. For the following reasons, the Court agrees with Respondent that Richardson's petition must be DISMISSED. All the motions are MOOT.

### BACKGROUND[1]

Richardson is in custody not of Menard Correctional Center ("Menard"), but of Warden Jeff Korte at the Western Illinois Correctional Center in Mount Sterling, Illinois. In 2003, Richardson was convicted of first degree murder and sentenced to sixty years in prison. The Illinois Appellate Court affirmed the conviction and sentence, and on January 5, 2006, the

---

[1] Unless otherwise stated, the facts related here are taken from the Response.

Illinois Supreme Court denied leave to appeal.[2]  On June 2, 2006, Richardson filed a pro se petition for postconviction relief in Illinois circuit court.  On June 28, 2006, the court appointed Richardson counsel for the postconviction proceeding.  Counsel did not file an amended postconviction petition until some four years later, on March 4, 2010.  The circuit court then granted Illinois's motion to dismiss the amended petition.  However, the Illinois Appellate Court reversed this ruling on October 30, 2012, and remanded, noting that Richardson's appointed counsel had failed to file a required certificate indicating that he had consulted with Richardson about the substance of Richardson's claims, and had not demonstrated a working knowledge of Richardson's trial record.  App. Order, Resp. Petition Ex. A, ECF No. 5-1.  On remand, counsel sought several extensions of time to file amended pleadings, and eventually, on July 11, 2016, the court withdrew his appointment and appointed a new attorney.  A status hearing was set for January 11, 2017; to the best of the Court's knowledge, proceedings are ongoing.

Meanwhile, Richardson filed the instant petition on June 20, 2016, expressing frustration with the progress of his case and with his attorney.  Petition 1.  On July 7, 2016, he filed his motion to stay these proceedings, explaining that he had received conflicting advice from inmates at Menard, where he was then incarcerated, but thought that he needed to file the motion to stay in order to avoid having his claim dismissed for failure to exhaust remedies.  Mot. Stay 1.

Because Richardson's claim is pending in state court, his petition here will be dismissed without prejudice, and his other motions are moot.  "Under the *Younger* abstention doctrine, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances." *Nommensen v. Lundquist*, 630 F. Supp. 2d 994, 996 (E.D. Wis. 2009); *see Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* applies not just when a party seeks

---

[2] Respondent states that leave to appeal was denied by the Illinois Supreme Court on December 1, 2005, Resp. Petition 2, but the attached docket of state court proceedings appears to state that this happened on January 5, 2006, Ill. Docket 4, Resp. Petition Ex. B, ECF No. 5-2.

to enjoin some state court proceeding in a federal forum, but when a party requests a federal court to take an action that would mean "simply ignor[ing] the pending state case, and resolv[ing] the question independently . . . ." *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995). *Younger* abstention applies to cases, such as this one, "in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010); *see Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) ("[A] person who is in state custody awaiting a determination by the state courts of the legality of his custody may seek federal habeas corpus to challenge that custody without being barred by the *Younger* doctrine if immediate federal intervention is necessary to prevent the challenge from becoming moot.").

The Court notes that, as Respondent observes, *all* time that Richardson has spent on his state court postconviction review proceedings will be tolled from the one year he has between the date his conviction became final, and the date he must file any federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(2); *see id.* § 2244(d)(1) (laying out the one-year timeline). He does not need to file his section 2254 petition now, or stay it, in order to preserve his eventual right to file such a petition.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." § 2254 Rule 11(a). A certificate of appealability should issue, when a district court denies a habeas petition on procedural grounds, if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that jurists of reason would not find

3

it debatable whether Richardson's Petition should be dismissed as untimely. The certificate shall not issue.

## CONCLUSION

Accordingly, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No 1, is DISMISSED WITHOUT PREJUDICE. His motion to stay, ECF No. 2; his motion opposing Respondent's response, ECF No. 6; his motion containing further argument, ECF No. 9; and his motion for status, ECF No. 10; are MOOT. The Clerk is directed to enter judgment and close the case.

Entered this 31st day of March, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE